**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT EARL KRONCKE, | No. 14-15618 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00456-ROS-BSB |
| v. | |
| CITY OF PHOENIX; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Arizona state prisoner Robert Earl Kroncke appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Silva v. Di Vittorio*, 658

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1090, 1101 (9th Cir. 2011). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed all claims against the State of Arizona because it is not subject to suit under § 1983. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (to state a claim under § 1983, a plaintiff must allege that the violation was committed by a "person" acting under color of state law; a state is not considered a "person" within the meaning of § 1983).

To the extent that Kroncke alleged access-to-court claims in Counts 1, 3, and 5, dismissal was proper because Kroncke failed to allege facts sufficient to show that defendants violated any constitutional right to court access. *See Silva*, 658 F.3d at 1101-03 (describing requirements of an access-to-court claim). To the extent that Kroncke alleged an access-to-court claim in Count 8, the district court properly dismissed the claim because Kroncke failed to allege facts sufficient to show that he suffered an actual injury. *See id.*

The district court properly dismissed Kroncke's conspiracy claims in Counts 1 and 3 because Kroncke failed to allege facts sufficient to show that any defendants formed an agreement or had a meeting of the minds. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading must offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" (citation

and internal quotation marks omitted)); *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (describing requirements of a conspiracy claim).

The district court properly dismissed Kroncke's retaliation claim in Count 1 because Kroncke failed to allege facts sufficient to show that the exercise of his constitutional rights was a substantial or motivating factor behind any defendant's conduct. *See CarePartners, LLC v. Lashway*, 545 F.3d 867, 877 (9th Cir. 2008) ("A plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a substantial or motivating factor in the defendant's decision." (citations and internal quotation marks omitted)).

The district court properly dismissed Kroncke's claims in Counts 2 and 7 regarding conflicting or inconsistent rulings by various courts because Kroncke failed to allege facts sufficient to show that defendants violated any constitutional right. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (to establish § 1983 liability, a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States).

The district court properly dismissed Count 4 because Kroncke's allegations that defendant Johnston bribed two judges were implausible. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will

. . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").

The district court did not err by dismissing Count 6 as frivolous because Kroncke had previously raised this claim in other actions. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (an in forma pauperis complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims" (citation and internal quotations omitted)).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Kroncke's state law claims. *See Ove v. Gwinn,* 264 F.3d 817, 821, 826 (9th Cir. 2001) (setting forth standard of review and explaining that "[a] court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction" (citation and internal quotation marks omitted)). Kroncke's contention that the district court overlooked his § 1983 claims in Count 9 is unpersuasive.

The district court did not abuse its discretion by dismissing Kroncke's action without leave to amend. *See Serra v. Lappin*, 600 F.3d 1191, 1195, 1200 (9th Cir. 2010) (setting forth standard of review and factors for a district court to consider in determining whether to grant leave to amend); *Chodos v. West Publ'g Co.*, 292

F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

Kroncke's motion to remove a strike, set forth in his opening brief, is denied. *See* 28 U.S.C. § 1915(g).

**AFFIRMED.**

14-15618